David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste 460
Phoenix, AZ  85016
Phone: 800-400-6808
Fax: 800-520-5523

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Richard Winters, Jr., individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>Amerigas Propane, L.P.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. Negligent Violation of Telephone Consumer Protection Act [47 U.S.C. §227(b)];**<br>**2. Willful Violation of the Telephone Consumer Protection Act [47 U.S.C. §227(b)]**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.     Plaintiff Richard Winters, Jr. ("Plaintiff") brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Amerigas Propane, L.P. ("Defendant"), in negligently, knowingly, and/or willfully

contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA").

## II. JURISDICTION & VENUE

2. Jurisdiction is proper as this action is brought pursuant to the TCPA 47 U.S.C. §227, *et seq.*, a federal statute.

3. Jurisdiction is also proper under diversity jurisdiction, *28 U.S.C. § 1332(d)(2),* because Plaintiff, a resident of Arizona, seeks relief, on behalf of a putative class, from Defendant, a business incorporated in the State of Michigan. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the District of Arizona pursuant to *28 U.S.C. § 1391(b)(2)* because Defendants do business within the State of Arizona and Plaintiff resides within the County of Maricopa, State of Arizona.

## III. PARTIES

5. Plaintiff, is a natural person residing in Maricopa County in the state of Arizona and is a "person" as defined by 47 U.S.C. § 153 (10).

6. At all relevant times herein, Defendant is the largest retail propane distributor in the United States and is a "person" as defined by *47 U.S.C. § 153 (10)*.

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants

### III.  FACTUAL ALLEGATIONS

9. Beginning in or around January of 2020, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -6678, in an attempt to collect an alleged debt from Plaintiff.

10. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to collect on an alleged debt.

11. Defendant contacted or attempted to contact Plaintiff from telephone numbers confirmed to belong to Defendant.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13. Defendant would call multiple times at all hours of the day in an order to harass Plaintiff into paying off the alleged debt.

14. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever.

17. In addition, on at least one occasion, Plaintiff answered the telephone

and told Defendant to stop calling him. Additionally, Plaintiff revoked consent to be called in writing after Defendant called him. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

18. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

19. Defendant's conduct violated the TCPA by:
   a. using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).
   b. Defendant's failure to establish and implement reasonable practices and procedures, based on Plaintiff's experiences of being called by Defendant through the use of an automatic telephone dialing system or an artificial or prerecorded voice and after Plaintiff revoked any prior express consent to receive such calls 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

20. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the two proposed classes (hereafter, jointly, "The Classes").

21. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22.     Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

23.     Defendant, including their employees and agents, are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

25.     Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to

retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

26. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

28. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims

of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I: VIOLATION OF
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates by reference all of the preceding paragraphs.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

22. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

1 | limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

24.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

25.   Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.   As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

    B.   As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;

    C. The ATDS Class be certified;

    D. Plaintiff be named as a Class representative;

    E. Plaintiff's counsel be named as Class counsel; and

    F.   Any and all other relief that the Court deems just and proper.

///
///
///
///

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

26.   Pursuant to his rights under the Seventh Amendment to the United States Constitution, Plaintiff demands a jury on all issues so triable.

Respectfully submitted this 23rd Day of November, 2020.

                By:   <u>Ryan L. McBride</u>
                      Ryan McBride, Esq.
                      Kazerouni Law Group, APC
                      Attorneys for Plaintiff